UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND EVERETT,

      Petitioner,

vs.                                                                    CASE NO.: 8:08-CV-1164-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254, and a memorandum of law in support of the petition. (Dkt. 1). Petitioner challenges his conviction for robbery entered in 2003 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent responded in opposition to the petition (Dkt. 12) and Petitioner filed a reply (Dkt. 17). An evidentiary hearing is not required. Rules Governing Section 2254 Cases 8(a) (2008).

### Background

Petitioner was charged by Information with one count of robbery of an Eckerd's drug store. (Dkt. 13, Ex. 28, Vol. I at 10-13). On February 5, 2003, the case proceeded to jury trial. The jury found Petitioner guilty of robbery as charged. *Id.* at 43. On April 24, 2003, the trial court adjudicated Petitioner guilty and sentenced him to 30 years in prison as a Habitual Violent Felony Offender and Prison Releasee Reoffender. *Id.* at 55-62.

The Florida appellate court affirmed *per curiam* Petitioner's conviction and sentence. (Dkt. 13, Ex. 4). Petitioner's motion for rehearing was denied and on December 16, 2004, the appellate court's mandate was issued.

-1-

Petitioner filed a *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Dkt. 13, Ex. 10). The motion was summarily denied as to grounds 1, 2, 5, and 6 of the motion. (Dkt. 13, Ex. 11). After an evidentiary hearing, the motion was denied as to grounds 3, 4, and 7. (Dkt. 13, Exs. 12-14). The state appellate court affirmed *per curiam* and denied Petitioner's motion for rehearing. (Dkt. 13, Exs. 18-20). The appellate court's mandate issued on June 25, 2007. (Dkt. 13, Ex. 21).

Petitioner then filed an amended motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Dkt. 13, Ex. 22). The motion was summarily denied. (Dkt. 13, Ex. 23). The denial was affirmed *per curiam* and rehearing was denied. (Dkt. 13, Exs. 24-26). The mandate issued on May 27, 2008. (Dkt. 13, Ex. 27).

Petitioner filed the instant federal petition for habeas relief on June 12, 2008, raising eight claims. (Dkt. 1).

## Standard of Review

Title 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") require this Court to review the state court's adjudications under a highly deferential standard. The state court's factual findings are presumed to be correct unless rebutted by clear and convincing evidence. Likewise, the state court's resolutions of issues of law are accepted unless they are found to be "contrary to" clearly established United States Supreme Court precedent or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "[T]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

## Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Petitioner must demonstrate both deficient performance and resulting prejudice. *Id.* Counsel is presumed to have "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

### Ground One

"Counsel failed to conduct adequate pre-trial investigation in violation of the Petitioner's 6th and 14th Amendment rights."

Petitioner claims that his counsel failed to conduct an adequate pre-trial investigation to obtain a videotape of the robbery from Eckerds, which allegedly would have demonstrated that Petitioner was the one assaulted. Petitioner presented this claim to the state court in his Rule 3.850 motion. That court applied the *Strickland* test and summarily denied this claim (Respondent's Ex. 11 at 31-34). Because the state court correctly applied the *Strickland* two part test to this claim of ineffective assistance of counsel, Petitioner cannot demonstrate that its decision was "contrary to" clearly established United States Supreme Court precedent as required by §2254(d) (1). To obtain relief, Petitioner must therefore demonstrate that the state court's application of *Strickland* to the facts was objectively unreasonable.

The state court denied this claim based on witness testimony from the trial. During trial, one of the state's witnesses, Ms. Brown, testified that no one took the videotape into evidence and she was not sure where it was at the time of trial. (Dkt. 13, Ex. 28, Vol. II at 102). Another witness, Officer Simpson, who arrested Petitioner and went to Eckerds to investigate the incident, testified that he did not recall ever seeing a videotape of the incident or taking a video from Eckerds into

evidence (Id. at 108-10).  In the post-conviction proceeding, the state court determined, based on Ms. Brown and Officer Simpson's testimony, that the videotape had been lost sometime after the incident occurred, and therefore Petitioner had not shown that his attorney had been ineffective in failing to secure and present the videotape. (Dkt. 13, Ex. 11 at 34).

Moreover, counsel testified during the post-conviction evidentiary hearing that ". . . I then asked Mr. Terry for a copy of that videotape." (Dkt. 13, Ex. 13 at 188).  Additionally, counsel testified, ". . . I had an investigator from my office actually go out to that Eckerd to talk to those people and get a copy of that videotape, because I was not having success getting it from the State Attorney's Office." (Dkt. 13, Ex. 13 at 189). Counsel's testimony demonstrates that he did attempt to obtain the videotape both through the State Attorney's Office and directly from the Eckerds.  This testimony establishes that counsel's performance was not deficient, and therefore Petitioner's claim fails the first part of the *Strickland* test.[1]

Petitioner fails to show that the state court's denial of this claim of ineffective assistance was an unreasonable application of *Strickland* or an unreasonable determination of the facts. Accordingly, Ground One does not warrant relief.

**Ground Two**

> "Counsel failed to conduct a proper pretrial investigation and trial preparation where counsel failed to object, argue, and preserve the mishandling of crucial evidence."

Petitioner claims that the state mishandled the Eckerd's videotape and that his counsel failed to challenge the state's mishandling of the tape.  This claim was presented in Petitioner's 3.850 motion and summarily denied based on the witness's trial testimony that the video had been lost.

---

[1] For that matter, because the tape had been lost, Petitioner cannot establish prejudice resulting from any deficient performance on the part of his attorney in his pretrial investigation.

The state post-conviction court determined that based on that testimony, the Tampa Police Department ("TPD") could not have mishandled the videotape and concluded that Petitioner could not show that counsel's performance was deficient. (Dkt. 13, Ex. 11 at 5-6; 34-35).

At trial, the state's first witness, Ms. Brown, testified that the videotape was missing before the trial. (Dkt. 13, Ex. 28, Vol. II at 102-103). Officer Simpson testified that he had never been informed about the videotape and that if he had been, he was trained to preserve it as evidence. (Dkt. 13, Ex. 28, Vol. II at 109-111). Accordingly, counsel's performance could not have been deficient in failing to challenge the alleged mishandling of the tape. And certainly Petitioner suffered no prejudice from any claimed deficiency in counsel's performance. Simply put, there was no evidence that the videotape was mishandled by TPD so there was nothing for counsel to challenge.

Petitioner has not demonstrated that the state court's decision was an unreasonable determination of the facts or an unreasonable application of *Strickland*. Accordingly, Ground Two does not warrant relief.

## Ground Three

> "Counsel conceded Defendant's guilt during opening and closing arguments without the Defendant's express permission."

Petitioner claims that counsel's opening and closing statements conceded Petitioner's guilt on the charge of robbery, and that counsel made this concession without Petitioner's authority. This claim was presented in Petitioner's 3.850 motion and was denied after the evidentiary hearing. The state court determined that although counsel did concede Petitioner's guilt to the jury, it was only for the lesser included offense of petit theft. (Dkt. 13, Ex. 14 at 98-99). The state court found that counsel's theory of defense was to acquiesce to a lesser included offense and that counsel had discussed this strategy with Petitioner before pursuing it.

During the evidentiary hearing, counsel testified that his notes expressly indicated that he would argue for a lesser included offense. He testified that he would have discussed this strategy with Petitioner before the trial. (Dkt. 13, Ex. 13 at 195-96). Counsel also testified that "I don't think that there was really any other theory to go with." (*Id.* at 198). Moreover, in Petitioner's initial motion for post-conviction relief, he wrote that he had informed counsel that he was guilty of petit theft during their first meeting. (*Id.* at 228).

As stated in *Strickland*, "the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. at 689. Petitioner has failed to do that. It is apparent that counsel's trial strategy, based on his consultation with Petitioner and the facts, was to argue for the lesser included offense. This strategy was objectively reasonable under the circumstances. Moreover, as noted, counsel testified that he would have discussed this trial strategy with Petitioner prior to trial. The Supreme Court has never held that counsel must have a defendant's consent before arguing a lesser included offense to avoid conviction on a more serious charged offense. *Edwards v. Secretary, Department of Corrections*, 2008 WL 786331 at *4 (M.D. Fla. March 21, 2008) (quoting *Florida v. Nixon*, 543 U.S. 175, 189 (2004)).

Petitioner has failed to show that counsel's trial strategy was deficient, that is, objectively unreasonable. Therefore, he has failed to show that the state court's decision was an unreasonable application of *Strickland* or an unreasonable determination of the facts. Accordingly, Ground Three does not warrant relief.

**Ground Four**

"Counsel erroneously interfered with the Defendant's right to testify in his own behalf."

"[A] criminal defendant has a *fundamental* constitutional right to testify in his or her own behalf at trial." *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992) (emphasis included). Defense counsel is responsible for advising the client of this right and the strategic implications of exercising, or not exercising, this right. *Id.* at 1533. Defense counsel is also responsible for informing the client that the decision of whether or not to testify is ultimately the client's. *Id.* "[I]f counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed *should*, advise the client in the strongest possible terms not to testify." *Id.* (emphasis added).

Here, Petitioner claims that counsel misadvised him about his right to testify and confused him. This claim was presented in Petitioner's 3.850 motion and was denied after the evidentiary hearing. After hearing both counsel's and Petitioner's testimony during the evidentiary hearing, the state court credited trial counsel's testimony over that of Petitioner's. The state court concluded that counsel advised Petitioner against testifying as a strategic decision, but informed Petitioner that the decision to testify was ultimately Petitioner's. Finally, the state court concluded that Petitioner made the decision not to testify (Dkt. 13, Ex. 14 at 100-02).

During the evidentiary hearing, counsel testified that he always advises his clients that it is their absolute right to testify or to not testify and that the decision is ultimately theirs. (Dkt. 13, Ex. 13 at 203-04). Counsel simply "gave [Petitioner] factors that [he] should put into [his] consideration about whether to testify or not" because Petitioner was a past offender with significant charges, but the choice was ultimately Petitioner's. (Id.). Additionally, the trial judge conducted a colloquy with Petitioner during the trial concerning Petitioner's decision not to testify. Petitioner unequivocally

stated that he understood that the decision to testify or not was his, and that it was his decision not to testify. (Dkt. 13, Ex. 28, Vol. II at 121-22). Finally, Petitioner signed a "Waiver of Right to Testify" form which indicated that Petitioner understood that it was his decision alone whether or not to testify. (Dkt. 13, Ex. 28, Vol. I at 36-37). Based on counsel's advice, Petitioner made his own choice to not testify. (Dkt. 13, Ex. 13 at 220-21; Ex. 14 at 180-81).

A federal court must defer to the state court's factual findings unless shown to have been an unreasonable determination of the facts. 28 U.S.C. §2254(e)(1). This deference applies to credibility determinations that resolve conflicting testimony. *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998), *cert. denied*, 526 U.S. 1047 (1999). Petitioner has not demonstrated that the state court's findings were unreasonable. It is apparent that counsel did not interfere with Petitioner's right to testify, fulfilled his duty to advise Petitioner of his right to testify, or not, and that Petitioner ultimately made the decision not to testify. Counsel therefore provided effective assistance of counsel. Petitioner has failed to show deficient performance by counsel.

Additionally, Petitioner has failed to establish prejudice from any claimed deficiency in counsel's performance under the *Strickland* test. He has not shown that absent counsel's alleged error, there is a reasonable probability that the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694. Petitioner's proposed testimony, in light of the evidence presented at trial, does not demonstrate a reasonable probability that the jury would have come to a different decision. He has not provided evidence that his testimony standing alone would have been believed over the State's three witnesses – the victim, an eyewitness employee, and the responding officer – who all testified consistently, and the photographs of the victim's split lip. *See, e.g., United States v. Tavares*, 100 F.3d 995, 998 (D.C. Cir. 1996) (where the record established no reasonable probability that the defendant's asserted testimony would have changed the outcome of the trial, the

defendant has failed to make a showing of prejudice); *see also Morris v. Secretary, Dept. of Corrections*, 2009 WL 3170497 at \*15 (M.D. Fla. Sept. 30, 2009) ("Morris offers no reason to believe that his testimony would have dissuaded the jury from imposing the death penalty."). Consequently, Petitioner has not met his burden under both prongs of the *Strickland* test.

The state court's denial of this claim was neither an unreasonable application of Supreme Court precedent nor an unreasonable determination of the facts. Accordingly, Ground Four does not warrant relief.

**Ground Five**

"Counsel failed to conduct a proper pretrial investigation and proceeded to trial with a 'do nothing' strategy or defense."

Petitioner contends that the claims alleged in Grounds One, Two, and Three resulted in counsel presenting no defense and that this "do nothing" defense qualifies as ineffective assistance of counsel. Petitioner presented this claim in his 3.850 motion and the state court summarily denied it. The state court determined that Petitioner's claim was conclusory and based on speculation.

Petitioner's claim fails to provide any facts that would lead this Court to find that counsel proceeded to trial with a "do nothing" strategy. "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). In fact, Petitioner contradicts his claim in his Petition. In Ground Two of his petition, Petitioner credits counsel with presenting a theory of defense when he says, "The evidence of the video tapes would have supported the Petitioner's *defense* of a petite theft, rather [than] robbery." (Dkt. 1 at p. 8) (emphasis added). This strategy is also apparent in the trial transcripts. Counsel repeatedly referred to the crime as only petit theft and attempted to create doubt by highlighting the absence of the videotape. (Dkt. 13, Ex. 28, Vol. II at

-9-

80-81). Additionally, as discussed with respect to Ground Three, during his testimony at the evidentiary hearing, defense counsel explained that his defense strategy was to admit to the lesser included offense of petit theft. (Dkt. 13, Ex. 13 at 195-96). Petitioner has failed to show that, in light of the evidence against him, this trial strategy was outside the realm of reasonable professional judgment. Certainly he has not shown that counsel had a "do nothing" strategy.

The state court's decision denying this claim was not contrary to Supreme Court law and was not based on an unreasonable determination of the facts. Accordingly, Ground Five does not warrant relief.

**Ground Six**

> "Counsel failed to properly object and move to suppress photos entered into evidence not part of discovery or officially taken by the police."

Petitioner claims that the state presented photos at trial that were not taken by law enforcement at the crime scene. He asserts that counsel was ineffective in failing to object to or move to suppress the photos. He alleges that the photos introduced at trial were not the same photos provided in discovery. Petitioner presented this claim in his 3.850 motion and the state court summarily denied it. The state court determined that witness testimony established that the photos, although not necessarily taken by Officer Simpson, were taken by TPD. (Dkt. 13, Ex. 11 at 36-37).

Petitioner has not rebutted with clear and convincing evidence the state court's finding that the photos were taken by the TPD. Both Officer Simpson and the victim's trial testimony support the state court's finding. (Dkt. 13, Ex. 28, Vol. II at 86-87, 108-09). Consequently, Petitioner fails to establish counsel had a valid or even arguable basis to move to suppress the photos. Accordingly, Petitioner does not show deficient performance on the part of counsel. Moreover, Petitioner cannot show prejudice because the photographs of the victim's injured lip were cumulative to both the

victim and Officer Simpson's testimony that Petitioner punched the victim and her resulting injury. (Dkt. 13, Ex. 28, Vol. II at 85-86, 109-10).

Petitioner fails to show that the state court's denial of this claim of ineffective assistance was an unreasonable application of *Strickland* or an unreasonable determination of the facts. Accordingly, Ground Six does not warrant relief.

**Ground Seven**

> "Sentence is illegal based on grounds that the trial court erred in sentencing defendant as a 'PRR' based on the facts that the State used hearsay to prove date of defendant release from prison."[2]

Petitioner contends that his sentence is illegal because the state used hearsay to establish his date of release. Although Petitioner did file a 3.800(a) Motion to Correct Illegal Sentence, no specific mention of hearsay was made in the motion. Notwithstanding, construing the 3.800(a) motion liberally, a hearsay claim was arguably raised in Ground One of the 3.800(a) motion. In that claim, Petitioner contended that "the state attorney did not . . . produce proof to establish, by a preponderance of the evidence, that the defendant is a prison releasee reoffender." (Dkt. 13, Ex. 22 at 3). The state court noted that the State did introduce a certified copy of Petitioner's Crime and Time Report that showed him as released within the time requirement to be a PRR. (Dkt. 13, Ex. 23 at 2).

Petitioner has presented no facts whatsoever in either his petition or his memorandum of law to support this claim. The claim therefore fails as facially insufficient. *See, e.g., Blaxton v. Secretary, Dept. of Corrections*, 2009 WL 2781573 at *6-9 (M.D. Fla. Aug. 28, 2009) (stating that

---

[2] PPR: Prison Releasee Reoffender, meaning a defendant who commits, or attempts to commit, crimes enumerated by statute within three years after being released from a correctional facility following incarceration for an offense for which the sentence is punishable by more than one year in this state. Fla. Juris. Crim. Proc. §2272.

-11-

a petitioner's vague details and conclusory allegations are insufficient for relief); *see also*, Rule 2, Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (requiring petitioner to state the facts in support of each claim).

Regardless, this claim lacks merit. The transcript of the sentencing hearing demonstrates that the State entered into evidence a copy of Petitioner's certified conviction sheet from the Florida Department of Corrections that showed his date of last release. (Dkt. 13, Ex. 28, Vol. I at 83). In Florida, a properly authenticated "Crime and Time Report" is admissible as a public record. *Yisrael v. State*, 993 So. 2d 952, 955 (Fla. 2008).

The state court's denial of this claim was neither contrary to Supreme Court precedent nor an unreasonable determination of the facts. Accordingly, Ground Seven does not warrant relief.

**Ground Eight[3]**

In Petitioner's memorandum of law, he claims that the trial court denied his right to due process of law when it denied his motion for judgment of acquittal. Respondent contends that this claim is subject to dismissal because it is unexhausted and procedurally barred. The Court agrees.

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in state courts." *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). "The AEDPA requires a state prisoner to exhaust all available state court remedies, either on direct appeal or in a state post-conviction proceeding." *Pearson v. Secretary, Dept. of Corrections*, 273 Fed. Appx. 847, 849 (11th Cir. 2008). As *Pearson* notes, federal claims must be presented in a manner that alerts the state court that "the ruling under review violated a federal constitutional right." *Id.* at 849-50. "A state prisoner does not 'fairly present' a

---

[3] Ground Eight was raised in Petitioner's memorandum of law and is listed as Ground One in that document. (Dkt. 1-3).

claim to a state court if that court must read beyond . . . a brief" to find the federal claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Additionally, in order to sufficiently exhaust a claim, a Petitioner must have presented the state court with the same supporting facts for the legal basis for relief as he is now presenting. *See Land v. Secretary, Dept. of Corrections*, 2008 WL 816707 at *5 (M.D. Fla., March 26, 2008); *see also Diaz v. Secretary for the Dep't of Corr.*, 2006 U.S. Dist. LEXIS 86457, 2006 WL 3469522 at *1 (S.D. Fla., Sept.18, 2006) (citing *Kelley v. Secretary for Dep't of Corr.*, 377 F.3d 1317 (11th Cir.2004)). Finally, in order to properly exhaust state remedies, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Petitioner has failed to meet the exhaustion requirement. First, Petitioner's claim was raised only as a state law issue in his Initial Brief on direct appeal. (Dkt. 13, Ex. 1 at 17-20). Second, even if the claim raised in state court could be construed as a federal constitutional claim, the claim Petitioner raises in his memorandum of law in this action is not the same claim that he exhausted in state court. Here, Petitioner asserts that the state failed to prove the third element of a robbery charge – whether the property was of value. Although he raised this argument at trial in support of his motion for a judgment of acquittal (Dkt. 13, Ex. 28, Vol. II at 125-26), he did not raise this claim in his Initial Brief on appeal. (Dkt. 13, Ex. 13 at 17-20). Rather, as to this claim, the Initial Brief only discussed the state's failure to prove Petitioner's intent. (Id).

Any aspect of Petitioner's claim that was not exhausted and which would clearly be barred if returned to state court must be dismissed. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "An issue that was not properly presented to the state court which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal

review." *Cobbs v. McDonough,* 2006 WL 2092381 at *8 (M.D. Fla., July 26, 2006) (citing *O'Sullivan v. Boerckel,* 526 U.S. at 839-40).

It would be futile to dismiss to give Petitioner the opportunity to exhaust this claim because his claim would be procedurally barred under Florida law. *See Green v. Florida,* 975 So. 2d 1090, 1105 (Fla. 2008) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); *Smith v. State,* 445 So. 2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack."). Accordingly, Petitioner's claim may not be considered unless he shows that either the cause and prejudice or the fundamental miscarriage of justice exception is applicable. *Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir.2001); *O'Sullivan v. Boerckel,* 526 U.S. at 845-46.

Petitioner has made no attempt to present a claim of actual innocence to excuse his procedural default. However, he has attempted to allege cause and prejudice. (Dkt. 17 at p. 5). Petitioner asserts ineffective assistance of his appellate counsel as cause for this claim not being presented to the state courts. This argument itself, however, is procedurally defaulted because it was never presented to the state courts. "[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). An independent claim of ineffective assistance must be presented to the state court first for it to serve as cause for a procedural default. *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

Petitioner's claim is unexhausted and therefore procedurally barred. Accordingly, Ground Eight does not warrant relief.

**Conclusion**

For the reasons discussed, Petitioner has not demonstrated that he is entitled to federal habeas relief.

Accordingly, it is **ORDERED** that:

1.     The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2.     The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

3.     The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  The Court also declines to allow Petitioner to proceed *in forma pauperis* on appeal because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

**DONE AND ORDERED** in Tampa, Florida this *19* day of August, 2011.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Petitioner, *pro se*
Counsel of Record

-15-